FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KELLIE K.,<br><br>              Plaintiff,<br><br>     -vs-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>              Defendant. | No.   2:23-CV-0094-WFN<br><br>ORDER |

    Kellie K. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 1. Attorney Chad Hatfield represents Plaintiff. Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

    Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits on August 10, 2020, alleging disability beginning on August 8, 2020. Tr. 21, 287–320. The applications were denied initially, Tr. 81–122, and on reconsideration, Tr. 123–68. Administrative Law Judge [ALJ] Marie Palachuk held a hearing on December 8, 2021, Tr. 50–80, and issued an unfavorable decision on January 11, 2022, Tr. 21–38. The Appeals Council denied review on February 1, 2023. Tr. 1–7. The ALJ's January 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 6, 2023. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1996 and was 24 years of age as of her alleged onset date. Tr. 36, 284. She completed high school, Tr. 338, and has past work as a cashier, a gate guard, a fast-food worker, and a kitchen helper, Tr. 68–72. Plaintiff alleges disability based on vision problems, migraines, recurring shoulder dislocations, hyperthyroidism, anxiety, depression, and post-traumatic stress disorder [PTSD]. Tr. 55–65.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v.*

ORDER - 2

*Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On January 11, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21–38.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: "status-post left shoulder arthroscopy (August 2019); optic neuritis with headache (August 2020); depression; anxiety; [and] posttraumatic stress disorder [PTSD]." Tr. 24.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 24–27.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she can perform light work except

> She is limited to no climbing of ladders, ropes or scaffolds. She is able to occasionally reach overhead with the upper left extremity. She is able to frequently reach in all other directions with the left upper extremity. She is capable of occasional depth perception and field of vision (observation while eyes are fixed). She must avoid concentrated exposure to industrial vibration

ORDER - 3

and no more than moderate exposure to hazards such as unprotected heights and moving mechanical parts. She is able to understand, remember, and carry out complex tasks. She is able to maintain concentration, persistence and pace for 2-hour intervals between regularly scheduled breaks. She is limited to occasional and superficial interaction with the public, coworkers, and supervisors.

Tr. 27.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 36.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 37. The ALJ specifically identified the representative occupations of marker, housekeeping cleaner, and routing clerk. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. Tr. 38.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ did not have an opportunity to review medical opinion evidence in the record that was contrary to her decision. ECF No. 11 at 18–20. Plaintiff also argues the ALJ erred by improperly evaluating medical opinion evidence, failing to find Plaintiff disabled at step three, rejecting Plaintiff's subjective complaints, and finding Plaintiff was not disabled. *Id.* at 6, 9–18, 20–21.

## DISCUSSION

**(1) The Opinion of Jesse Schneider, D.O.**

Plaintiff argues the Commissioner's decision must be reversed because the ALJ did not have the opportunity to consider the opinion of Jesse Schneider, D.O. *Id.* at 18–20.

ORDER - 4

Plaintiff submitted Dr. Schneider's opinion after the ALJ rendered her decision, Tr. 15–17, and asked the Appeals Council to consider it, Tr. 282. The new opinion appears inconsistent with the ALJ's assessment of Plaintiff's RFC. For example, Dr. Schneider opined Plaintiff would need to lie down for thirty minutes every two hours. Tr. 15. In seeming contrast, the ALJ determined Plaintiff retained the RFC to work for two-hour intervals between regularly scheduled breaks. Tr. 27. And while the ALJ found Plaintiff retained the RFC to perform light work with some exceptions, *id.*, Dr. Schneider opined Plaintiff would be off task over 30% of the time, Tr. 17, and miss more than four days of work per month, Tr. 16. The vocational expert testified that missing more than one day per month and being off task more than 20% of the time would prevent competitive employment. Tr. 77–78.

The Appeals Council denied Plaintiff's request for review. Tr. 2–4. Regarding Dr. Schneider's opinion, the Appeals Council stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Tr. 2. Because the Appeals Council decided Dr. Schneider's opinion would have no reasonable probability of changing the outcome, the Court concludes the Appeals Council must have considered Dr. Schneider's opinion. Therefore, the Court must consider Dr. Schneider's opinion when reviewing the ALJ's decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

The case must be remanded for the ALJ to evaluate Dr. Schneider's opinion because consideration of that opinion could have changed the ALJ's ultimate determination that Plaintiff is not disabled: Dr. Schneider appears to have opined limitations greater than those found by the ALJ. *See id.* at 1163–65; *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009).

Defendant argues that the ALJ's decision is supported by substantial evidence even if it conflicts with Dr. Schneider's opinion. ECF No. 13 at 12-13. That may be so, but in this

ORDER - 5

case the ALJ has not had a chance to address a medical opinion that seems to contradict her decision. Therefore, the matter must be remanded for consideration of that opinion. This does not mean the ALJ is required to credit Dr. Schneider's opinion. Nor does it mean Dr. Schneider's opinion is entirely inconsistent with the ALJ's previous decision. However, the ALJ must articulate her consideration of Dr. Schneider's opinion. *See* 20 C.F.R. § 404.1520c(b).

Plaintiff asks the Court to remand for an award of benefits, ECF No. 11 at 20, but that remedy is only appropriate if the record leaves no doubt that the claimant is disabled, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Plaintiff's Other Assignments of Error**

Plaintiff also argues the ALJ erred by improperly evaluating medical opinion evidence, failing to find Plaintiff disabled at step three, rejecting Plaintiff's subjective complaints, and finding Plaintiff was not disabled. ECF No. 11 at 6, 9–18, 20–21. The analysis of these issues could be impacted by the ALJ's review of Dr. Schneider's opinion discussed above. Therefore, the ALJ shall reevaluate those issues on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error because the ALJ did not have an opportunity to review Dr. Schneider's medical opinion. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed July 17, 2023, **ECF No. 11**, is **GRANTED.**

2. Defendant's Brief, filed August 16, 2023, **ECF No. 13**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

ORDER - 6

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 7th day of December, 2023.

12-06-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7